# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KEOSHA R. MORGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF RIPLEY, TENNESSEE, ) <br> ) <br> Defendant. ) <br> ) | No. 2:17-cv-02896-TLP-cgc <br><br> JURY DEMAND |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

In this case, Defendant moves for Partial Judgment on the Pleadings. (ECF No. 13.) For the following reasons, the Court grants Defendant's Motion.

## BACKGROUND

From 2010 to 2016, Plaintiff worked for Defendant's Fire Department, at different times as a reserve and full-time firefighter. (ECF No. 1 at PageID 2, 8.) According to Plaintiff, in 2013 she "testified in a city council meeting for the City of Ripley concerning the investigation into the allegations against the former fire chief . . . for sexual harassment and hostile work environment." (*Id*. at PageID 3.) At the time, she was a full-time firefighter with the Fire Department. (*Id*. at PageID 2.) She then went on medical leave, by her assertion, for stress related to her 2013 testimony. (*Id*.) Following that period of leave, she stepped down from her full-time firefighter position and became a reserve firefighter. (*Id*.)

Plaintiff alleges that the Fire Department stopped calling her to respond to fire calls as a reserve firefighter in retaliation for her testifying against the former fire chief. (*Id*. at PageID 4, 8.) Furthermore, Plaintiff asserts that in late 2013 she reapplied for a full-time firefighter position but was not promoted because of her race and gender.[1] (*Id*. at PageID 5–6.) She applied again for the same position with the Fire Department in 2014, but was again not promoted because of her race and gender. (*Id*. at PageID 7.) The Fire Department eventually terminated her employment in 2016, which Plaintiff asserts was in retaliation for her 2013 testimony. (*Id*. at PageID 8.)

Of note, Plaintiff filed two discrimination charges with the Equal Employment Opportunity Commission ("EEOC") related to the above events prior to filing her Complaint in this action. (ECF No. 13-1 at PageID 45.) Her first charge—filed on July 23, 2014—concerned her 2013- and 2014-asserted failure-to-promote claims (the "2013–14 failure-to-promote claims") in retaliation for her 2013 testimony, and because of Plaintiff's race and gender.[2] (ECF No. 12-1 at PageID 38–39.) Her second charge—filed on May 26, 2016—reasserted her 2013–14 failure-to-promote claims and further alleged that the Fire Department terminated her in retaliation for her 2013 testimony (the "2016 termination claim") and because of her race and gender. (ECF No. 12-4 at PageID 41.) The EEOC declined to intervene on either charge and issued Plaintiff a Dismissal and Notice of Rights letter each

---

[1] Plaintiff is a black female. (ECF No. 1 at PageID 2.)
[2] Plaintiff technically asserts two claims for relief related to her applications for full-time firefighter positions in 2013 and 2014—one for failure to hire and one for failure to promote. (ECF No. 1 at PageID 5–8.) These claims essentially assert the same alleged wrong, namely her failure to get a full-time firefighter position with the Fire Department. Thus, the Court will refer to these claims as one in the same—as failure-to-promote claims—for clarity's sake.

time—once on May 8, 2015 and again on September 14, 2017. (ECF No. 12-3 at PageID 40); (ECF No. 12-5 at PageID 42.)

Plaintiff filed her Complaint here, asserting employment violations under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C.A. § 2000e (West); (ECF No. 1 at PageID 1.) After answering Plaintiff's Complaint, Defendant moved for Partial Judgment on the Pleadings. (ECF Nos. 12–13.) In sum, Defendant argued that Plaintiff's 2013–14 failure-to-promote claims were time-barred.

## **STANDARD OF REVIEW**

After the pleadings close, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). For review purposes, a court analyses a 12(c) motion as it would a motion under 12(b)(6). *See Thomas & Betts Intern. LLC v. Burndy LLC*, No. 2:14-cv-02296-JPM-tmp, 2015 WL 5944387, at *1 (W.D. Tenn. Oct. 13, 2015). Thus, to survive a 12(c) motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

Though a court will certainly grant a motion for judgment on the pleadings if the plaintiff has no plausible claim for relief, a court must also "construe the complaint in [a] light most favorable to the plaintiff." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). In other words, a court will "accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id*.

A court will not generally consider matters outside of the pleadings when reviewing a 12(c) motion because doing so would convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). That being said, a court may consider public records without this conversion taking place. *See Thomas v. Noder-Love*, 621 F. App'x 825, 828 (6th Cir. 2015).

## DISCUSSION

EEOC Dismissal and Notice of Right to Sue letters are considered matters of public record. *See Harper v. Gov't*, No. 2:15-cv-02502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016). So the Court exercises its discretion to consider them in reviewing Defendant's Motion.

"Although the time limit to file a Title VII action is not jurisdictional, it is still a condition precedent to filing an action in federal court." *See Page v. Metro Sewer Dist. of Louisville & Jefferson Cty.*, 84 F. App'x 583, 585 (6th Cir. 2003). A plaintiff must file her complaint within ninety days of receiving a Dismissal and Notice of Right to Sue letter. *See id*. ("Before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the EEOC and then file suit within ninety days after receiving the right-to-sue letter."). Failure to file a complaint within this ninety-day window will result in a court dismissing the complaint as time-barred. *See Rembisz v. Lew*, 830 F.3d 681, 683 (6th Cir. 2016).

Defendant argues that Plaintiff's 2013–14 failure-to-promote claims are barred because Plaintiff failed to file these claims within the ninety-day window. (ECF No. 13-1 at PageID 49–50); (ECF No. 12-3 at PageID 40.) The Court agrees. Plaintiff received a right-to-sue letter from the EEOC on May 8, 2015. This letter concerned Plaintiff's claims that the

Fire Department failed to promote her to full-time firefighter in 2013 and 2014 because of her race, gender, and her 2013 testimony. (ECF No. 12-1 at PageID 38.) She thus had until August 6, 2015 to file a complaint in federal court based on these allegations. Instead, Plaintiff filed her Complaint on December 12, 2017—far past the ninety-day window. *See Page*, 84 F. App'x at 585; (ECF No. 1.) These claims are thus barred.

But, Plaintiff argues that her 2013–14 failure-to-promote claims are saved by the continuing-violation doctrine. According to the continuing-violation doctrine, violations that "occur beyond the limitations period are actionable where a plaintiff challenges not just one incident of unlawful conduct but an unlawful practice that continues into the limitations period." *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir. 1992); *see Kovacevich v. Kent State Univ.*, 224 F.3d 806, 829 (6th Cir. 2000).

Plaintiff's approach does not correctly apply the continuing-violation doctrine. The continuing-violation doctrine generally does not apply to failure-to-promote claims because Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *See El-Zabet v. Nissan North America, Inc.*, 211 F. App'x 460, 464 (6th Cir. 2006) (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 105 (2002), *superseded in non-relevant part by statute,* Lily Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5). According to *Morgan*:

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." [A claimant] can only file a charge to cover discrete acts that "occurred" within the appropriate time period.

*Morgan*, 536 U.S. at 114 (citations omitted).

Plaintiff's 2013–14 failure-to-promote claims are, thus, not saved by the continuing-violation doctrine.

Similarly, Plaintiff's claims, asserted in her 2016 EEOC charge, are partially time-barred. (ECF No. 12-4 at PageID 41.) Plaintiff's 2016 EEOC charge asserts both her 2016 termination claim and functionally reasserts her 2013–14 failure-to-promote claims. (*Id.*); (ECF No. 12-2 at PageID 39.) "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. Thus, Plaintiff may only proceed with her 2016 termination claim, which she properly filed within the ninety-day window following the fight-to-sue letter. (ECF No. 12-3 at PageID 40); (ECF No. 1.)[3]

## **CONCLUSION**

The Court GRANTS Defendant's partial Motion for Judgment on the Pleadings. Plaintiff's 2013–14 failure-to-promote claims concerning applications for full-time firefighter positions is DISMISSED WITH PREJUDICE.

---

[3] Defendant also argues that all of Plaintiff's claims 300 days before the date on which she filed her 2016 EEOC charge—all claims before August 5, 2015—are time-barred. (ECF No. 13-1 at PageID 53.) Defendant is correct that claims have a maximum limitations period of 300 days prior to one filing a charge with the EEOC. *See* 42 U.S.C.A. § 2000e-5 (West); *Morgan*, 536 U.S. at 109. But, the Court does not base its determination on this argument because (1) the ninety-day Dismissal and Notice of rights window bars Plaintiff's 2013–14 failure-to-promote claims and (2) Plaintiff's only post-2015 claim appears to be her retaliation claims related to her termination, which is clearly timely. But the Court notes that the holding here does not bar Plaintiff "from using the prior acts as background evidence in support of" her timely termination claim. *See Morgan*, 536 U.S. at 113. In other words while Plaintiff's 2013–14 failure-to-promote claims are time-barred and she will not recover damages based on that conduct, she will be permitted to introduce some proof about those events as background for her 2016 termination claim.

**SO ORDERED**, this 31st day of July, 2018.

                                                 s/ Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE